110 F.3d 72
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mary E. WILLIAMS, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner, Social Security
Administration, Defendant-Appellee.
 No. 95-56626.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 4, 1997.*
Decided March 21, 1997.
 
 1
 Before: BROWNING and KLEINFELD, Circuit Judges, and MERHIGE,** Senior District Judge.
 
 
 2
 MEMORANDUM***
 
 I.
 
 3
 Williams did not waive her argument that the ALJ failed to articulate clear and convincing reasons for rejecting Dr. Showghy's opinion; it was encompassed within Williams' more general challenge to the substantiality of the evidence supporting the ALJ's decision, an issue contested throughout.
 
 
 4
 The clear and convincing reasons requirement does not apply, however, because the ALJ did not reject Dr. Showghy's opinion. After treating Williams for nearly a year, Dr. Showghy remarked she had responded "quite positively" and concluded that her state of psychological disability had reached "a permanent and stationary level" and was "slight." The ALJ reviewed the reports of Dr. Showghy and the other psychiatrists and found the evidence "conflicting." The ALJ found Williams not disabled because she did not seek further psychiatric care after her workers' compensation case settled. This finding was supported by substantial evidence.
 
 
 5
 The contention that Dr. Showghy's characterization of her disability as "slight" should be read to mean "moderate" is unpersuasive. The ALJ did not err by interpreting "slight" according to its plain meaning.
 
 II.
 
 6
 The ALJ did not err in finding Williams not disabled based on the vocational expert's testimony. The Secretary satisfied her burden of showing that Williams could perform substantial gainful work by identifying performable jobs in two occupations. The fundamental inquiry is whether substantial work is available, not the manner in which a claimant hypothetically compares to the grids. In contrast to Swenson v. Sullivan, 876 F.2d 683 (9th Cir.1989), the expert's testimony regarding the availability of jobs was credible.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 Honorable Robert R. Merhige, Senior United States District Judge for the Eastern District of Virginia, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3